[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON CENTER'S MOTION FOR SUMMARY JUDGMENT
This is a medical malpractice action which alleges that the plaintiff was injured by a nurse at the defendant Hartford Gynecological Center, Inc. during the administration of intravenous anesthesia.
The plaintiff has sued the defendant and the nurse, Cardoze. The defendant has filed a motion for summary judgment claiming that the co-defendant nurse was an independent contractor of the defendant and therefore as a matter of law the defendant cannot be held liable for any negligence of the co-defendant nurse.
A party seeking summary judgment has the burden of showing the non-existence of any material fact, but the trial court must view the evidence in the light most favorable to the non-moving party Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 316
(1984).
The plaintiff's claims are based on two theories of liability (1) the defendant is vicariously liable for the negligence of the co-defendant nurse on the theory of respondeat superior and (2) the defendant is liable for having negligently hired and/or retained the co-defendant nurse.
The defendant first argues that the defendant cannot be vicariously liable for the negligence of the nurse because she was not an employee and thus not an agent of the defendant. For the doctrine of respondeat superior to apply agency must be shown, which is a fiduciary relationship resulting from the manifestation of consent by one person to another that the other shall act on his or her behalf and subject to his or her control and consent by the other to so act. Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 132 (1983). A crucial element in the establishment of an agency relationship is the right of the principal "to control the day to day work of the alleged agent." Id at page 134.
Our courts have long recognized a distinction between employees and independent contractors with respect to imposing vicarious liability on the employer. Liability won't be imposed CT Page 3296 on the employer of an independent contractor because of the absence of control, Connecticut Law of Torts, Wright and Fitzgerald, Section 67. Control is the determining factor; here, according to the documents submitted by the defendant, Cardoze contracted to do a certain function according to her own skills and methods and without being subject to defendant's control. Therefore, she was an independent contractor, Panero v. Electrolux Corp., 208 Conn. 586, 604 (1988) and the defendant can't be held vicariously liable for her negligence on an agency theory.
The defendant also argues that it cannot be liable on a theory that it negligently hired and/or retained the codefendant. There is a common law tort that extends to situations where a third party is injured by an "employer's own negligence in failing to select an employee fit or competent to perform the services of employment," Shore v. Stonington, 187 Conn. 147, 155. Since the co-defendant is not an employee of the defendant but at the time of this incident was an independent contractor, the defendant maintains that as a matter of law it cannot be held liable to the plaintiff under this common law theory of liability.
The plaintiff does not, as it cannot, disagree with the general propositions of law just stated and indeed cites two cases that apply the general theories just discussed to hospitals. Meier v. Ross General Hospital, 445 P.2d 519 (Cal. 1968) and Grachek v. Sunshine Biscuit Inc., 123 N.E.2d 801 (N Y 1954).
The plaintiff however goes on to claim that there are two exceptions to the rules that have just been discussed:
(1) A hospital can be liable for the negligence of independent contractors where the hospital holds itself out to the public or its patients by conduct, word or omission that it is a provider of medical services and health care providers associated with it are its employees. This doctrine of liability is called ostensible agency or apparent authority.
(2) A hospital may be liable for the negligence of independent contractors where it contracts to provide medical services and has those services performed by independent contractors. CT Page 3297
There are numerous cases throughout the country which apply the doctrine of apparent authority so as to make a hospital liable for the negligence of an independent contractor such as the nurse in this case. The seminal case is Brown v. Lasouet Francise, 71 p. 156 (Cal. 1903) and the plaintiff has cited numerous cases which the court has read; Irving v. Doctors Hospital, 415 So.2d 55, 57 (Fla. 1982); Arthur v. St. Peter's Hospital, 405 A.2d 443, 445 (N.J. 1979); Hardy v. Brantly,471 So.2d 358, 369 (Miss. 1985); Hannola v. City of Lakewood,426 N.E.2d 1187, 1190 (Oh. 1980); Seneris v. Haas, 291 P.2d 915, 927
(Cal. 1955); Capan v. Divine Providence Hospital, 430 A.2d 647,648 (Pa. 1981); Hill v. St. Clare's Hospital, 499 N.Y.S.2d 904,908 (1986); Stewart v. Midani, 525 F. Sup. 843, 850, 853
(U.S.D.C., N.D.Ga. 1981).
Connecticut has long recognized the doctrine of apparent authority Quint v. O'Connell, 89 Conn. 353, 357; Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 140 (1983), of Trinity Rent-A-Car, 4 Conn. Ar. 404, 406 (1967). No case has applied it to a hospital in the situation now before the court, but there is no doubt that it can so apply in the appropriate case. In the aforementioned cases read by the court none of them even referred to a jurisdiction which accepting the doctrine of apparent authority ever refused to extend it to the hospital or clinic situation.
The doctrine of apparent authority basically holds that one who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or its servants is subject to liability for physical harm caused by the negligence of the independent contractor in supplying the services to the same extent as though the employer were supplying them itself or by its servants, see Restatement of Torts 2d, Section 429, Arthur v. St. Peter's Hospital, supra at page 446, and cases previously cited. There is no analytical reason not to extend this doctrine to the hospital situation, in fact there are several good policy reasons for doing so.
This plaintiff contracted with the defendant center for the performance of certain surgical procedures. Those procedures required the administration of an intravenous anesthetic which the plaintiff claims was administered in a negligent manner by the defendant nurse who was an independent contractor of the defendant medical center. CT Page 3298
The cases have set forth several reasons for applying the doctrine of apparent authority to a hospital or medical center in this type of situation.
(1) The center here agreed to perform certain surgical procedures for the plaintiff. No patient in the plaintiff's situation would assume anything else but that someone performing a necessary medical intervention to accomplish that procedure was anything else than an employee of the center that had agreed to perform the agreed upon procedure. Irving v. Doctor's Hospital, supra at page 57.
(2) When a patient agrees to have a surgical procedure performed at a hospital or medical center, she has a right to rely on the reputation of the hospital as opposed to any particular health professional who may have a contract or perform particular services for the hospital. Hardy v. Brantly, supra at page 370.
(3) A person enters a hospital or goes to a medical center for a wide range of services rather than treatment by a particular health professional. "It would be absurd to require such a patient to be familiar with the law of respondeat superior and so inquire of each person who treated him (sic) whether he (sic) is an employee of the hospital or an independent contractor." Capan v. Divine Providence Hospital, 430 A.2d at page 649. Similarly the court went on to say it would be unfair to allow the "secret limitations" on liability "contained in a doctor's contract with the hospital to bind the unknowing patient." The fact that a nurse is involved here makes no difference to the principle as stated.
(4) Public outrage would surely follow an announcement by a medical center or hospital "that it regards all staff doctors as completely independent professionals, conducts no supervision of their performance" and takes no interest in their competence. Hanola v. City of Lakewood, 426 N.E.2d at page 1191. The public should have a right to assume that the medical center or hospital to which it goes for treatment exercises medical supervision over and is responsible for the negligence of medical personnel providing services whether the hospital styles them as independent contractors or not.
The defendant concedes that the doctrine of apparent authority is recognized in Connecticut but argues that several CT Page 3299 Connecticut cases preclude its application to hospitals where independent contractors have injured patients. The cases cited by the defendant are Bria v. St. Joseph's Hospital, 153 Conn. 626
(1966); Mather v. Griffin Hospital, 207 Conn. 125, 136 (1988); Hunner v. Stevenson, 89 at 1 418, 421 (Md. 1913) and Sheridan v. Quarrier, 127 Conn. 279, 283 (1940). These cases stand for the proposition that a surgeon who performs an operation is not liable as a matter of law for the negligence of other doctors, nurses or interns in hospitals for after care or other treatment at least where the surgeon did not specially undertake responsibility for such treatment. They have nothing to do with the doctrine of apparent authority. Where a hospital has contracted with a surgeon to perform a particular medical procedure or the patient contracts with the surgeon to perform such a procedure, the surgeon cannot be held liable for the negligent actions of others not relating to or occurring after the performance of those specific procedures. In Bria, the injured child's mother had no contractual right to hold the doctor responsible for anything more than that which he had contracted for and the court so held. A physician only holds himself out as having a particular skill; in Sheridan the court described this as "well known" and thus held a physician can't be held liable for other professionals who negligently exercised skills independent of his. None of the cases cited mentions the doctrine of apparent authority. As distinguished from the cases just discussed, the point is, that a hospital holds itself out as performing a whole variety of medical procedures; that is why the doctrine of apparent authority is held to apply when particular aspects of those procedures are negligently performed by medical personnel who, unknown to a patient, may be "independent contractors" vis-a-vis the hospital.
Interestingly, the Maryland case of Hunner v. Stevenson, supra, relied on, as the defendant points out, by our case of Sheridan v. Quarrier did not prevent that state in the case of Mehlman v. Powell, 370 A.2d 554, 560 (Md. 1977) from applying the apparent authority doctrine to impose liability on a hospital for the negligent actions of an independent contractor doctor. The Hunner case wasn't even alluded to in Mehlman for the simple reason that what it stood for had nothing to do with the apparent authority issue faced by the latter case. Hunner is still good law in Maryland, see Franklin v. Gupta, 567 A.2d 524, 535 (Md. 1990); so is Mehlman, see 620 A.2d 327, 339 (1993). Both doctrines should enjoy a similarly happy co-existence in Connecticut. CT Page 3300
Finally the defendant argues that even if the doctrine of apparent authority were to apply to hospitals in our State, the plaintiff has not met its requirements by anything set forth in her affidavit.
The defendant cites Beckenstein v. Potter Carrier Inc.,191 Conn. 120 (1983) for the proposition that under Connecticut law "apparent authority is that semblance of authority which a principal, through his own acts or inadvertence, causes or allows third persons to believe his agent possesses." Id at page 140. Thus according to the defendant the acts of the principal rather than the agent must be considered in determining whether apparent agency exists. And, so the argument runs, the plaintiff must show she acted in good faith based on the actions or inadvertence of the defendant. The plaintiff must demonstrate that she, in fact, consented to treatment after the defendant led her to believe the nurse here was one of its employees. The plaintiff's affidavit makes no such claim nor does it state that had she known the nurse was an independent contractor she wouldn't have consented to treatment at the defendant's facility.
If defendant's argument is accepted, the reasoning which extends the apparent authority doctrine to medical centers and hospitals would have to be ignored. The "public" which would be given the right to sue a medical center or hospital is a vulnerable public relying on experts for treatment. The cases seem to apply the doctrine simply because of the fact that the hospital provides the treatment and fails to specifically notify the patient that he or she was not being treated by an agent of the hospital. Adamski v. Tacoma General Hospital, 579 P.2d 970,979 (Wash. 1978); Hardy v. Brantly, 471 So.2d at page 371; Irving v. Doctor's Hospital, 415 So.2d at page 59, see especially Mehlman v. Powell, supra at 318 A.2d 1123-1124. To say the plaintiff must allege that if she knew the nurse was an independent contractor she wouldn't have gone to the defendant medical center misses the whole point of the doctrine. The basis of the doctrine is that a patient in the plaintiff's situation would have had a right to assume the nurse was an agent of the center.
The plaintiff's affidavit certainly seems to raise a factual issue as to whether the doctrine of apparent authority should apply here as an exception to the independent contractor rule. She avers she was never notified the nurse was anything other CT Page 3301 than an employee of the center and she was not aware of any agreement between the center and the nurse which resulted in the latter being an independent contractor. She also claims she was admitted to the center for surgery and that anesthesia was a necessary part of the surgical procedure does not appear to be in dispute.
The motion for summary judgment is denied on the ground that the doctrine of apparent authority properly lies and factual issues must be resolved to determine whether liability should be imposed. In light of this ruling the court will not discuss the viability of the plaintiff's second theory of recovery since in light of the court's holding this would constitute what in effect would be an advisory opinion on an issue in dispute between the parties.
Corradino, J.